UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD D. WEISS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST UNUM LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Civil Action No. 02-4249 (GEB)<br><br><br>ORDER |

This matter having been opened by the Court *sua sponte* via its Order dated October 24, 2007 in which the Court instructed the parties to submit informal briefing regarding the threshold issue of whether discovery in this matter should be bifurcated; and Plaintiff Richard D. Weiss ("Weiss") arguing against bifurcating discovery; and Weiss arguing that there is nothing to bifurcate as the only claims remaining in this matter are his federal, civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims; and Weiss further arguing that because only his RICO claims remain, this Court's decision in *Hage v. Unumprovident Corp.*, Civil Action No. 04-5933 (MLC) (D.N.J. Oct. 22, 2007), is inapplicable because in *Hage* there were both contractual and RICO claims; and Weiss further arguing that his only remaining claims are RICO claims and that he is entitled to discovery on those claims; and Weiss further arguing that he should not have to prove any other cause before obtaining the RICO discovery; and Weiss further arguing that Defendants may argue as part of their affirmative defenses, for which Defendants bear the burden of proof, that their action in terminating Weiss' long-term disability benefits was neither arbitrary nor capricious, and/or was made within their discretion under the disability policy; and Weiss further arguing that he should not have to disprove Defendants' affirmative

defenses in advance of obtaining discovery on his underlying RICO claims; and Defendants First Unum Life Insurance Company, et al. ("First Unum"), arguing that discovery in this matter should be bifurcated in order to address the underlying dispositive issue of the propriety of First Unum's claim determination; and First Unum further arguing that Weiss cannot prove injury to his business or property as required by RICO unless he is able to establish as a threshold matter, and before proximate causation is considered, that his claim for long-term disability benefits was meritorious and that First Unum's final claim determination of May 2, 2002 was arbitrary and capricious; and First Unum further arguing that its decision to reinstate Weiss' benefit claim on October 23, 2002 in no way constituted an acknowledgment that the administrative record evidenced a meritorious claim or that First Unum's final determination of May 2, 2002 was arbitrary or capricious; and First Unum further arguing that it strongly believes that its final determination of May 2, 2002 is fully supported by the administrative record; and First Unum further arguing that because Weiss cannot succeed on his RICO claims without first proving that his claim for benefits was meritorious and that First Unum's final claim determination was arbitrary and capricious, this Court should apply the same reasoning applied in *Hage* and exercise its discretion to bifurcate discovery in this matter; and First Unum further arguing that bifurcation of discovery could save hundreds of thousands of dollars in discovery costs and would preserve judicial resources; and First Unum further arguing that this matter should be bifurcated to prevent Weiss from engaging in an *in terrorem* use of the RICO statute to force a settlement of this matter; and the Court having fully reviewed and considered the parties' submissions; and the Court finding that it has "broad discretion when deciding discovery motions" (*Richards v. Johnson & Johnson, Inc.*, Civ. Action No. 05-3663 (KSH), 2007 WL

2123697, at *1 (D.N.J. July 20, 2007)); and the Court further finding that the decision to bifurcate similarly rests in the Courts discretion (*see Bandai America Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 74 (3d Cir. 1985); *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) (*cert. denied*, 439 U.S. 955 (1978)); and the Court further finding that pursuant to FED. R. CIV. P. 42(b), "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues"; and the Court further finding that while this matter differs from *Hage* in that only RICO claims are present and there are no contractual claims, bifurcation of discovery is nonetheless appropriate because it appears that Weiss cannot succeed on his RICO claims unless First Unum's final claim determination of May 2, 2002 is found to have been arbitrary and capricious; and the Court further finding that bifurcating discovery to focus first solely on the issue of whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious (an issue which could prove to be dispositive) will promote judicial economy and may limit potentially unnecessary and exorbitant discovery costs; and the Court having considered this matter pursuant to FED. R. CIV. P. 78, and for good cause shown,

      IT IS on this 19th day of March, 2008,

      ORDERED that discovery in this matter is hereby bifurcated; and it is further

      ORDERED that the parties shall immediately commence fact discovery regarding solely the issue of whether Weiss' claim for long-term disability benefits was meritorious and whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious; and it is

further

ORDERED that the parties shall have until **June 20, 2008** to conclude fact discovery on this threshold issue; and it is further

ORDERED that all other discovery in this matter is hereby stayed until further Order of this Court; and it is further

ORDERED that counsel shall confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of a motion and that no discovery motion will be entertained absent counsel's full compliance with L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f); and it is further

ORDERED that the parties shall file any summary judgment motion regarding whether Weiss' claim for long-term disability benefits was meritorious and whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious no later than **July 11, 2008** and that any such Motion shall be made returnable on **August 4, 2008**.

                                                s/ Tonianne J. Bongiovanni
                                                **TONIANNE J. BONGIOVANNI**
                                                **UNITED STATES MAGISTRATE JUDGE**