**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD D. WEISS, | : | |
| Plaintiff, | : | Civ. No. 02-4249 (GEB) |
| v. | : | |
| FIRST UNUM LIFE INSURANCE COMPANY, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**BROWN, Chief District Judge**

      This matter comes before the Court upon the appeals of Plaintiff Richard D. Weiss (hereinafter "Plaintiff" or "Weiss") [Docket #'s 96, 99] from the determinations of United States Magistrate Judge Bongiovanni issued on August 4 and 29, 2008 [Docket #'s 95, 98] that limit discovery during the initial phase of this bifurcated case.  Defendants First Unum Life Insurance Company, Lucy E. Baird-Stoddard, J. Harold Chandler, George J. DiDonna M.D., Kelly M. Smith and John and Jane Does 1-100 (hereinafter "Defendants" or "First Unum") oppose each of Weiss's appeals and argue that Judge Bongiovanni's determinations should be affirmed.  The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will affirm Judge Bongiovanni's determinations [Docket #'s 95, 98].

## I.    BACKGROUND

      The initial complaint in this case alleged that on May 2, 2002, First Unum wrongfully denied Weiss's claim for long-term disability benefits in violation of the Employee Retirement

Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq*. [Docket #1].  In October, 2002, after the initial complaint was filed, First Unum reinstated Weiss's long-term benefits retroactive to the date they were terminated, with accrued interest and attorney fees.  It is undisputed that First Unum's reinstatement and continued payment of Weiss's benefits render the ERISA claims contained in the initial complaint moot.

On November 26, 2002, after First Unum had resumed benefit payments, Weiss filed an amended complaint that alleged the various Defendants' actions violated the federal Racketeering Influenced and Corrupt Organizations Act (hereinafter "RICO"), 18 U.S.C. §§ 1961-1968 [Docket #17].  This Court initially dismissed Weiss's RICO claims in a memorandum opinion and order dated November 21, 2005 [Docket #'s 60, 61].  However, on June 26, 2006, the United States Court of Appeals for the Third Circuit mandated that Plaintiff's RICO claims proceed [Docket # 67].  Pursuant to the Third Circuit's mandate, this Court reopened this case on July 23, 2007, and pre-trial proceedings recommenced.  On October 24, 2007, the parties held an initial conference before United States Magistrate Judge Bongiovanni, at which the parties discussed the possibility of bifurcating discovery [Docket # 81].  After considering the parties' arguments, Judge Bongiovanni ordered discovery bifurcated for the following reasons:

> Bifurcation of discovery is . . . appropriate because it appears that Weiss cannot succeed on his RICO claims unless First Unum's final claim determination of May 2, 2002 is found to have been arbitrary and capricious . . . bifurcating discovery to focus first solely on the issue of whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious (an issue which could prove to be dispositive) will promote judicial economy and may limit potentially unnecessary and exorbitant discovery costs.

(TJB Order 3/19/08 at 3.) [Docket # 85].  In light of this determination, Judge Bongiovanni ordered that, "the parties shall immediately commence fact discovery regarding solely the issue

2

of whether Weiss's claim for long-term disability benefits was meritorious and whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious." (*Id.*) Judge Bongiovanni further ordered: (1) that fact discovery on the aforementioned issue conclude by June 20, 2008; (2) that all other discovery is stayed; (3) that the parties file any summary judgment motions on the issue of whether First Unum's denial of Weiss's benefits was arbitrary and capricious no later than July 11, 2008.  (*Id.*)  Neither party appealed any aspect of this determination.

On June 6, 2008, the parties submitted joint correspondence to the court regarding two disputed areas of discovery: (1) Weiss's desire to depose eight current/former First Unum employees/consultants; (2) Weiss's desire to supplement the administrative record with certain additional medical records [Docket # 89].  The parties' positions regarding these two areas of discovery were diametrically opposed: First Unum argued that ERISA jurisprudence prohibited discovery of these materials; Weiss argued that ERISA jurisprudence allowed them.  Weiss made two further noteworthy submissions to the court.  First, on June 20, 2008, the final day of fact discovery per Judge Bongiovanni's March 19, 2008 letter order, Weiss submitted the depositions of three experts [Docket #'s 90, 91, 92].  Second, on June 26, 2008, Weiss submitted a "Notice of New Developments" in which he brought the following to the court's attention: (1) the Supreme Court's June 19, 2008, decision in *Metropolitan Life Insurance Co., et al. v. Glenn*, 128 S. Ct. 2343 (2008); and (2) N.J.A.C. 11:4-58.1-4 [Docket # 93].

Judge Bongiovanni issued two letter orders in response to the parties' submissions noted above.  In the first letter order, issued on August 4, 2008, Judge Bongiovanni disallowed both additional areas of discovery sought by Weiss in the June 6, 2008 joint submission.  (TJB Order

3

8/4/08) [Docket # 95]. Judge Bongiovanni determined that the additional depositions and medical records sought by Weiss were both unnecessary and impermissible based upon well-established ERISA jurisprudence. (*Id.*) Thus, Judge Bongiovanni's August 4, 2008 letter order quashed Weiss's proposed depositions of the current/former First Unum employees/consultants, and excluded the supplemental medical records from the administrative record. (*Id.*) In the second letter order, issued on August 29, 2008, Judge Bongiovanni disallowed the three depositions Weiss submitted on June 20, 2008 for the same reasons she articulated in the letter order issued on August 4, 2008. (TJB Order 8/29/08) [Docket # 98].

Weiss timely appealed both of the aforementioned letter orders in this Court. Weiss makes two primary arguments in support of his appeals: (1) "the courts use of the 'arbitrary and capricious' standard and the 'administrative record' constraint is error in the context of this case"; (2) "the authority cited by the court should not limit Plaintiff's obtaining and using evidence in the normal course." (Pl.'s 8/4/08 Br.; Pl's 8/29/08 Br.) [Docket #'s 96, 101] Additionally, Weiss argues that N.J.A.C. 11:4-58.1-4 supports his position. (Pl's 8/29/08 Br.; Pl.'s Reply Br.) [Docket # 101, 106].

## II.   DISCUSSION

### A.   Standard of Review

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."[1] 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1); *see also*, *Cipollone v. Liggett Group, Inc.*, 785  F.2d 1108,

---

[1] A party objecting to a magistrate judge's order may, within ten days of service of the order, serve and file objections with the district judge.  FED. R. CIV. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213-14 (D.N.J.1997).  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Lo Bosco v. Kure Eng'g Ltd.,* 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. U. S. Gypsum Co.,* 333 U.S. 364, 395 (1948).  A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination.  *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *Lithuanian Commerce*, 177 F.R.D. at 213.  Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently.  *Cardona v. Gen. Motors Corp.*, 942 F. Supp. at 971 (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994).  The court, however, will review a magistrate judge's legal conclusions under *de novo* review.  *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).  "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion."  *Id.*; *see also* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3069 ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis").

**B.    The Arguments Not Presented To Judge Bongiovanni Are Waived**

In his various submissions, Weiss makes two arguments that he did not present to Judge Bongiovanni.  First, Weiss argues that the "arbitrary and capricious" standard of review and "administrative record" limitation are no longer applicable because only Weiss's RICO claims against First Unum remain [Docket #'s 96, 99, 106].  Secondly, Weiss argues that N.J.A.C. 11:4-

58.1-4 invalidates the discretionary clause in the insurance contract at issue in this case [Docket #'s 99, 106].  In response, Defendants correctly note that a party's failure to present arguments to the magistrate judge constitutes a waiver of those arguments on appeal.  *See Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 209-13 (D.N.J.1997).  The Court concludes that Weiss did not present either of the arguments above to Judge Bongiovanni, and therefore waived his right to raise them on appeal.  With regard to Weiss's argument that the ERISA "arbitrary and capricious" standard of review and "administrative record" limitation are not applicable, the Court notes that: (1) Weiss did not appeal Judge Bongiovanni's March 19, 2008 order bifurcating discovery which specifically addressed the applicability of ERISA; and (2) Weiss explicitly argued that the "heightened arbitrary and capricious" ERISA standard was applicable in the June 6, 2008 joint submission to Judge Bongiovanni [Docket #89].  With regard to Weiss' argument that N.J.A.C. 11:4-58.1-4 has some bearing on this case, the Court notes that: (1) Weiss did not appeal Judge Bongiovanni's March 19, 2008 order bifurcating discovery which specifically implicated the ERISA discretionary standard of review; and (2) Weiss did not raise this argument in the June 6, 2008 joint submission to Judge Bongiovanni [Docket # 89].  Therefore, because Weiss failed to raise these arguments before Judge Bongiovanni in the first instance, this Court will not consider them on appeal.

> **C.     Judge Bongiovanni's Determinations Were Not Clearly Erroneous**

Weiss's remaining argument is that Judge Bongiovanni's determinations that limited discovery were erroneous.  The Court disagrees, and concludes that Judge Bongiovanni correctly applied precedential ERISA jurisprudence.  Weiss primarily relies upon three cases in support of his argument that the discovery he sought should have been allowed: (1) *Firestone Tire &*

*Rubber Co. V. Bruch*, 489 U.S. 101 (1989); (2) *Pinto v. Reliance Standard Insurance*, 214 F3.d

337 (3d Cir. 2000); and (3) *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008).[2]

Weiss correctly notes that each of these cases addresses the "heightened arbitrary and capricious"

standard that the Court must apply in this case.  Weiss's argument that these decisions compel

the specific discovery sought by Weiss under the circumstances of this case, however, is

unfounded.  None of these three decisions address the specific issue of discovery under the

"heightened arbitrary and capricious" standard of review in ERISA cases.  Weiss has identified

no controlling precedent that mandates the discovery denied by Judge Bongiovanni in the letter

orders at issue, and the Court's own research has found none.  As such, Plaintiff has not shown

that the determinations of United States Magistrate Judge Bongiovanni issued on August 4 and

29, 2008 [Docket #'s 95, 98] that limit discovery during the initial phase of this bifurcated case

were "clearly erroneous or contrary to law."  To the contrary, Judge Bongiovanni's

determinations that the additional depositions and medical records sought by Weiss were both

unnecessary and impermissible based upon well-established ERISA jurisprudence appear correct.

The Court concludes that Judge Bongiovanni's determinations enable the discovery allowable

under 29 U.S.C. § 1001, *et seq.* and well-established ERISA jurisprudence.

## III.   CONCLUSION

For the reasons set forth above, the determinations of United States Magistrate Judge

Bongiovanni issued on August 4 and 29, 2008 [Docket #'s 95, 98] that limit discovery during the

---

[2]  The Court notes that the Supreme Court's decision in *Glenn* was issued on June 19, 2008.  Therefore, Weiss could not have included this decision in the June 6, 2008 joint correspondence submitted to Judge Bongiovanni.  Weiss did, however, make reference to this case in his "Notice of New Developments" submitted on June 26, 2008 [Docket # 93].  This Court will consider Weiss's arguments under *Glenn* because he timely notified Judge Bongiovanni of that decision.

initial phase of this bifurcated case are AFFIRMED.  In light of this determination, it appears that the parties may wish to file summary judgment motions on the issue of whether First Unum's denial of Weiss's benefits was arbitrary and capricious.  The Court will grant the parties 45 days from the date of this order to file any such summary judgment motions.  An appropriate form of order accompanies this memorandum opinion.

Dated: December 10, 2008

                                        /s/ Garrett E. Brown, Jr.
                                        GARRETT E. BROWN, JR. U.S.D.J.