<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD D. WEISS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 02-4249 (GEB) |
| FIRST UNUM LIFE INSURANCE COMPANY, et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

<u>**BROWN, Chief District Judge**</u>

This matter comes before the Court upon the motion of Defendants First Unum Life Insurance Company, Lucy E. Baird-Stoddard, J. Harold Chandler, George J. DiDonna M.D., Kelly M. Smith and John and Jane Does 1-100 (hereinafter "Defendants" or "First Unum") to strike both the motion for summary judgment of Plaintiff Richard D. Weiss ("Plaintiff" or "Weiss") and Weiss's opposition to Defendants' currently pending motion for summary judgment. [Docket # 116] Defendants also seek sanctions against Weiss's counsel. [*Id.*] Weiss opposes Defendants' present motion. [# 118] The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendants' motion to strike, but will deny Defendants' request for sanctions against Weiss's counsel without prejudice.

**I.   BACKGROUND**

The initial complaint in this case alleged that on May 2, 2002, First Unum wrongfully denied Weiss's claim for long-term disability benefits in violation of the Employee Retirement

Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq*. [# 1]  In October, 2002, after the initial complaint was filed, First Unum reinstated Weiss's long-term benefits retroactive to the date they were terminated, with accrued interest and attorney fees.  It is undisputed that First Unum's reinstatement and continued payment of Weiss's benefits render the ERISA claims contained in the initial complaint moot.

On November 26, 2002, after First Unum had resumed benefit payments, Weiss filed an amended complaint that alleged the various Defendants' actions violated the federal Racketeering Influenced and Corrupt Organizations Act (hereinafter "RICO"), 18 U.S.C. §§ 1961-1968. [# 17]  This Court initially dismissed Weiss's RICO claims in a memorandum opinion and order dated November 21, 2005. [# 60, 61]  However, on June 26, 2006, the United States Court of Appeals for the Third Circuit mandated that Plaintiff's RICO claims proceed. [# 67]  Pursuant to the Third Circuit's mandate, this Court reopened this case on July 23, 2007, and pre-trial proceedings recommenced.  On October 24, 2007, the parties held an initial conference before United States Magistrate Judge Bongiovanni, at which the parties discussed the possibility of bifurcating discovery. [# 81]  After considering the parties' arguments, Judge Bongiovanni ordered discovery bifurcated for the following reasons:

> Bifurcation of discovery is . . . appropriate because it appears that Weiss cannot succeed on his RICO claims unless First Unum's final claim determination of May 2, 2002 is found to have been arbitrary and capricious . . . bifurcating discovery to focus first solely on the issue of whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious (an issue which could prove to be dispositive) will promote judicial economy and may limit potentially unnecessary and exorbitant discovery costs.

(TJB Order 3/19/08 at 3.) [ # 85]  In light of this determination, Judge Bongiovanni ordered that, "the parties shall immediately commence fact discovery regarding solely the issue of whether

2

Weiss's claim for long-term disability benefits was meritorious and whether First Unum's final claim determination of May 2, 2002 was arbitrary and capricious." (*Id.*) Judge Bongiovanni further ordered: (1) that fact discovery on the aforementioned issue conclude by June 20, 2008; (2) that all other discovery is stayed; (3) that the parties file any summary judgment motions on the issue of whether First Unum's denial of Weiss's benefits was arbitrary and capricious no later than July 11, 2008. (*Id.*) Neither party appealed any aspect of this determination.

On June 6, 2008, the parties submitted joint correspondence to the court regarding two disputed areas of discovery: (1) Weiss's desire to depose eight current/former First Unum employees/consultants; (2) Weiss's desire to supplement the administrative record with certain additional medical records. [# 89] The parties' positions regarding these two areas of discovery were diametrically opposed: First Unum argued that ERISA jurisprudence prohibited discovery of these materials; Weiss argued that ERISA jurisprudence allowed them. Weiss made two further noteworthy submissions to the court. First, on June 20, 2008, the final day of fact discovery per Judge Bongiovanni's March 19, 2008 letter order, Weiss submitted the expert reports of the following three individuals: (1) Joseph S. Rosamilia, C.P.A.; (2) Charles J. Marotta, M.D.; and (3) Dominick V. LaGravinese, an "insurance consultant." [# 90, 91, 92] Second, on June 26, 2008, Weiss submitted a "Notice of New Developments" in which he brought the following to the court's attention: (1) the Supreme Court's June 19, 2008, decision in *Metropolitan Life Insurance Co., et al. v. Glenn*, 128 S. Ct. 2343 (2008); and (2) N.J.A.C. 11:4-58.1-4. [# 93]

Judge Bongiovanni issued two letter orders in response to the parties' submissions noted above. In the first letter order, issued on August 4, 2008, Judge Bongiovanni disallowed both

3

additional areas of discovery sought by Weiss in the June 6, 2008 joint submission.  (TJB Order 8/4/08) [# 95]  Judge Bongiovanni determined that the additional depositions and medical records sought by Weiss were both unnecessary and impermissible based upon well-established ERISA jurisprudence.  (*Id.*)  Thus, Judge Bongiovanni's August 4, 2008 letter order quashed Weiss's proposed depositions of the current/former First Unum employees/consultants, and excluded the supplemental medical records from the administrative record.  (*Id.*)  In the second letter order, issued on August 29, 2008, Judge Bongiovanni disallowed the three depositions Weiss submitted on June 20, 2008, for the same reasons she articulated in the letter order issued on August 4, 2008.  (TJB Order 8/29/08) [# 98]

Weiss timely appealed both of the aforementioned letter orders in this Court, and made the following two arguments in support of his appeals: (1) "the court's use of the 'arbitrary and capricious' standard and the 'administrative record' constraint is error in the context of this case"; and (2) "the authority cited by the court should not limit Plaintiff's obtaining and using evidence in the normal course."  [# 96, 101]  Additionally, Weiss argued that N.J.A.C. 11:4-58.1-4 supported his position regarding the appropriate standard of review.  [# 101, 106]

On December 10, 2008, this Court denied Weiss's appeals and affirmed Judge Bongiovanni's decisions.  In doing so, the Court opined:

> In his various submissions, Weiss makes two arguments that he did not present to Judge Bongiovanni.  First, Weiss argues that the "arbitrary and capricious" standard of review and "administrative record" limitation are no longer applicable because only Weiss's RICO claims against First Unum remain [Docket #'s 96, 99, 106].  Secondly, Weiss argues that N.J.A.C. 11:4-58.1-4 invalidates the discretionary clause in the insurance contract at issue in this case [Docket #'s 99, 106].  In response, Defendants correctly note that a party's failure to present arguments to the magistrate judge constitutes a waiver of those arguments on appeal.  *See Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177

F.R.D. 205, 209-13 (D.N.J.1997).  The Court concludes that Weiss did not present either of the arguments above to Judge Bongiovanni, and therefore waived his right to raise them on appeal.  With regard to Weiss's argument that the ERISA "arbitrary and capricious" standard of review and "administrative record" limitation are not applicable, the Court notes that: (1) Weiss did not appeal Judge Bongiovanni's March 19, 2008 order bifurcating discovery which specifically addressed the applicability of ERISA; and (2) Weiss explicitly argued that the "heightened arbitrary and capricious" ERISA standard was applicable in the June 6, 2008 joint submission to Judge Bongiovanni [Docket #89].  With regard to Weiss' argument that N.J.A.C. 11:4-58.1-4 has some bearing on this case, the Court notes that: (1) Weiss did not appeal Judge Bongiovanni's March 19, 2008 order bifurcating discovery which specifically implicated the ERISA discretionary standard of review; and (2) Weiss did not raise this argument in the June 6, 2008 joint submission to Judge Bongiovanni [Docket # 89].  Therefore, because Weiss failed to raise these arguments before Judge Bongiovanni in the first instance, this Court will not consider them on appeal.

. . . .

Weiss's remaining argument is that Judge Bongiovanni's determinations that limited discovery were erroneous.  The Court disagrees, and concludes that Judge Bongiovanni correctly applied precedential ERISA jurisprudence.  Weiss primarily relies upon three cases in support of his argument that the discovery he sought should have been allowed: (1) *Firestone Tire & Rubber Co. V. Bruch*, 489 U.S. 101 (1989); (2) *Pinto v. Reliance Standard Insurance*, 214 F3.d 337 (3d Cir. 2000); and (3) *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008).  Weiss correctly notes that each of these cases addresses the "heightened arbitrary and capricious" standard that the Court must apply in this case.  Weiss's argument that these decisions compel the specific discovery sought by Weiss under the circumstances of this case, however, is unfounded.  None of these three decisions address the specific issue of discovery under the "heightened arbitrary and capricious" standard of review in ERISA cases.  Weiss has identified no controlling precedent that mandates the discovery denied by Judge Bongiovanni in the letter orders at issue, and the Court's own research has found none.  As such, Plaintiff has not shown that the determinations of United States Magistrate Judge Bongiovanni issued on August 4 and 29, 2008 [Docket #'s 95, 98] that limit discovery during the initial phase of this bifurcated case were "clearly erroneous or contrary to law."  To the contrary, Judge Bongiovanni's determinations that the additional depositions and medical records sought by Weiss were both unnecessary and impermissible based upon well-established ERISA jurisprudence appear correct.  The Court concludes that Judge Bongiovanni's determinations enable the discovery allowable under 29 U.S.C. § 1001, *et seq.* and well-established ERISA jurisprudence.

(GEB Mem. Op. 12/10/08 at 5-7.) [# 108]  In addition to denying Weiss's appeals and affirming Judge Bongiovanni's discovery decisions, the Court also established that, "the parties should file any summary judgment motions on the issue of whether First Unum's denial of Weiss's benefits was arbitrary and capricious within 45 days [of December 10, 2008]." (GEB Order 12/10/08 at 2.) [# 109]   In accordance with the Court's December 10 order, Defendants filed their currently pending motion for summary judgment on January 9, 2009, and Weiss filed his motion for summary judgment and opposition to Defendants' motion for summary judgment on January 26, 2009.  [# 110, 112]

      Shortly thereafter, on February 6, 2009, Defendants filed the present motion to strike Weiss's summary judgment submissions and for sanctions against Weiss's counsel.[1]  [# 116]  In support of that motion, Defendants assert that Weiss's summary judgment submissions reference various discovery materials that have been expressly excluded by Judge Bongiovanni's August 4 and August 29 letter orders, as well as this Court's December 10, 2008 memorandum opinion and order.  [# 116, 119]  Defendants argue that Weiss's improper use of excluded discovery materials so permeates Weiss's submissions that they must be stricken.  [*Id.*]  Further, Defendants ask the Court to sanction Weiss's counsel because of their alleged contravention of court orders.  [*Id.*]  Weiss opposes Defendants' present motion.  [# 118]  Having considered both

---

[1] A review of the docket report for this case indicates that Weiss has made the following submissions in support of his motion for summary judgment and/or in opposition to Defendants' motion for summary judgment: (1) First Motion for Summary Judgment by Plaintiff and Response to Motion for Summary Judgment by Defendants (including all related attachments) [# 112]; (2) Certification on behalf of Richard D. Weiss (including all related attachments) [# 113]; and (3) Reply Brief to Opposition to First Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment (including all related attachments) [# 120].  Weiss's Reply Brief [# 120] was not filed until February 23, 2009, and is therefore not referenced in Defendants' submissions in support of the present motion.  Clearly, however, all of Weiss's aforementioned summary judgment submissions are at issue in the present motion [# 112, 113, 120], and shall be referenced collectively hereinafter as "Weiss's summary judgment submissions."

parties' submissions, the Court agrees with Defendants that Weiss's submissions utilize discovery materials that have been expressly excluded by previous court orders, and as a result, Weiss's submissions shall be stricken. In the interest of justice, the Court will allow Weiss to re-file his summary judgment submissions in accordance with this memorandum opinion and the accompanying order. In light of that decision, the Court will deny Defendants' request for sanctions against Weiss's counsel without prejudice.

## II.  DISCUSSION

In the present motion, Defendants assert that Weiss's summary judgment submissions must be stricken because those submissions cite to and rely upon discovery materials that have been excluded by previous court orders. Defendants also argue that sanctions against Weiss's counsel are appropriate. Specifically, Defendants claim:

> Notwithstanding this Court's orders, [Weiss's] counsel have filed opposition and moving papers which again: (1) rely upon and cites to the "Supplemented Administrative Record;" (2) includes a new expert report that incorporates those expert reports that were previously stricken; and (3) attaches, cites to and relies upon documentation first produced in support of Weiss' appeal of Judge Bongiovanni's orders, never produced in discovery and beyond the administrative record. (LaGravinese Cert., Jan. 16, 2009, at Exs. A & C); (Weiss' Brief, at p. 4, 5, 20, 25, 26) (citing the stricken Marotta report, the "Supplemented Administrative Record," including references to an unproduced *Mayo Clinic* report, referring to an unauthenticated June 1995 internal memorandum of an insurer not a party to this suit who, at the time, was a direct competitor of First Unum.)

(Defs.' Mot. Br. at 27.) [# 116]  Although Weiss opposes Defendants' present motion, he does not apparently deny any of Defendants' allegations, and instead attempts to justify his utilization of the discovery materials at issue. (Pl.'s Opp'n Br.) [# 118]  Simply put, the Court finds Defendants' arguments compelling, and Weiss's arguments unavailing.

In the past year, both Judge Bongiovanni and this Court have grappled with numerous discovery disputes surrounding the ERISA phase of this bifurcated case.  On August 4 and August 29, 2008, Judge Bongiovanni issued two letter orders that clearly limited discovery to the Administrative Record as it existed on May 2, 2002 – the date on which First Unum rendered its final decision in Weiss's case.   As was his right, Weiss promptly appealed Judge Bongiovanni's letter orders in this Court.  On December 10, 2008, the Court rejected each of Weiss's arguments in support of his appeals, and affirmed the discovery limitations established by Judge Bongiovanni, as noted in detail above.

Yet, despite three court orders that clearly limited the boundary of permissible discovery materials to the Administrative Record, Weiss's summary judgment submissions cite to and rely upon some of the materials expressly excluded by Judge Bongiovanni and later by this Court.  Incredibly, in response to Defendants' present motion to strike and for sanctions, Weiss simply retreads many of the same arguments that both Judge Bongiovanni and this Court have previously rejected.  Indeed, viewing Weiss's summary judgment submissions in tandem with the recycled arguments made by Weiss in opposition to Defendants' present motion, it seems clear that Weiss's summary judgment submissions are nothing more than an attempt to collaterally appeal all of the discovery orders issued in this case to date.  That course of action is entirely inappropriate, as it contravenes the following elementary tenet of federal practice: a party does not ignore an adverse court order, but files an appeal at the appropriate time.   To do otherwise, as Weiss's counsel has done here, causes chaos and renders the rule of law meaningless.   For this reason, Weiss's summary judgment submissions shall be stricken.

That said, the primary concern of this court is justice.  In this case, despite Weiss's counsel's ill-advised motion practice, justice demands that Mr. Weiss is allowed leave to re-file summary judgment submissions that follow the orders issued by Judge Bongiovanni and this Court to the letter.  Specifically, in his future submissions, Weiss shall: (1) strictly confine his argument to the Administrative Record as of May 2, 2002; and (2) clearly, accurately, and specifically cite to the Administrative Record.

In light of the Court's decision to allow Weiss leave to re-file his summary judgment submissions in appropriate form, the Court will deny Defendants' request for sanctions against Weiss's counsel without prejudice.  Defendants may re-file their request for sanctions against Weiss's counsel if appropriate in the future.

### III. CONCLUSION

For the reasons noted above, Defendants' present motion to strike Weiss's summary judgment submissions shall be GRANTED.  The Court will order Weiss's summary judgment submissions [# 112, 113, 120] STRICKEN.  The Court will DENY Defendants' request for sanctions against Weiss's counsel without prejudice.  The parties may file revised summary judgment submissions pursuant to the following schedule: (1) Weiss shall file his revised motion for summary judgment, related documentation, and opposition to Defendants' pending motion for summary judgment, not more than twenty (20) days from the date of this memorandum opinion; (2) Defendants shall file their opposition to Weiss's motion for summary judgment, and reply to Weiss's opposition to Defendants' currently pending motion for summary judgment, not more than thirty-four (34) days from the date of this memorandum opinion; and (3) Weiss shall file his reply to Defendants' opposition to Weiss's motion for summary judgment not more than

forty-one (41) days from the date of this memorandum opinion.  This briefing schedule will not be altered in the absence of extraordinary circumstances.  An appropriate form of order accompanies this memorandum opinion.

Dated: June 2, 2009

                                            /s/ Garrett E. Brown, Jr.
                                      GARRETT E. BROWN, JR., U.S.D.J.