<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RICHARD D. WEISS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 02-4249 (GEB) |
| FIRST UNUM LIFE INSURANCE COMPANY, ET AL., | : **MEMORANDUM OPINION** |
| Defendants. | : |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of Plaintiff Richard D. Weiss ("Weiss") to amend/correct the operative pleading in this case by filing a third amended complaint. (Doc. No. 139.)  Weiss' third amended complaint lodges four counts against Defendants First Unum Life Insurance Company, Lucy E. Baird-Stoddard, J. Harold Chandler, George J. DiDonna M.D., Kelly M. Smith and John and Jane Does 1-100.  (*Id.*)  Defendants oppose three of the four counts in the third amended complaint.  (Doc. No. 146.)  The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.   For the reasons that follow, the Court will grant Weiss' present motion in part.

**I.     BACKGROUND**

The Court concludes that a recitation of the complex facts and procedural history of this case is not essential to the adjudication of this motion.  As such, only the relevant elements of this case's background shall be summarized.

In a letter order dated March 19, 2008, United States Magistrate Judge Bongiovanni

determined that this case should be bifurcated and the issue of whether First Unum's denial of

Weiss's benefits violated ERISA should be decided before Weiss's RICO claims are addressed.

(Doc. No. 85.)  Pursuant to that order, the parties filed summary judgment motions that addressed

the ERISA denial of benefits issue.  (Docs. No. 110, 125.)  The Court denied both of those

motions during a teleconference held on September 18, 2009.  (Tr. Hr'g 9/18/09: GEB Order

9/22/09; Doc. No. 136.)  Subsequently, on October 25, 2009, Weiss filed the present motion to

amend/correct his pleading by filing a third amended complaint.  (Doc. No. 139.)  The third

amended complaint lodges the following four counts against Defendants: (1) common law fraud;

(2) violation of the federal RICO statute, 18 U.S.C. § 1961, et seq.; (3) violation of New Jersey's

state RICO statute, N.J.S.A. 2C:41-2 (c) and (d); and (4) violation of New Jersey's state

Consumer Fraud Act (hereinafter the "CFA").  (*Id.*)  Defendants oppose the first, third and fourth

counts of the third amended complaint and argue that amendment of the operative pleading to

include those counts is futile under the applicable legal standard and therefore should not be

allowed.  (Doc. No. 146.)  Defendants do not oppose Weiss filing the second count of the third

amended complaint that alleges violation of the federal RICO statute, but do expressly reserve

the right to move for dismissal of that count if it is filed.  (*Id.*)

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that, under the present circumstances,

"a party may amend [its] pleading only with the opposing party's written consent or the Court's

leave.  The Court should freely give leave when justice so requires."  The Supreme Court has

identified several factors to be considered when applying Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may
> be a proper subject of relief, he ought to be afforded an opportunity to
> test his claim on the merits. In the absence of any apparent or declared
> reason--such as undue delay, bad faith or dilatory motive on the part of the
> movant, repeated failure to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by virtue of allowance of
> the amendment, futility of amendment, etc.--the leave sought should, as the
> rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981), cert. denied, 455 U.S. 1018 (1982); *Newlin v. Invensys Climate Controls*, Civ. No. 05-5746 (RBK), 2006 U.S. Dist. LEXIS 61133, (D.N.J. August 16, 2006); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust.")

Thus, while "Rule 15(a) gives the court extensive discretion to decide whether to grant leave to amend after the time for amendment as of course has passed," CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1486 (2d ed. 1990), Rule 15(a)'s "generous standard is tempered by the necessary power of a district court to manage a case" in light of the factors listed in *Foman*. *See Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987).

With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also  Harrison Beverage Co. v.*

*Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990), reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face," (citations and quotations omitted).)  As such, "[i]n assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Burlington*, 114 F.3d at 1434 (citing *Glassman*, 90 F.3d at 623) (further citation omitted)).

> ### B.      Application

> #### 1.      Count II of the Third Amended Complaint

In the present case, Defendants do not oppose Weiss filing the second count of the third amended complaint that alleges a federal RICO violation.  (Doc. No. 146.)  Indeed, the inclusion of a federal RICO count in Weiss' operative pleading appears to have been mandated by the precedential April 3, 2007 decision of the United States Court of Appeals for the Third Circuit in this case, *Weiss v. First Unum Life Insurance Company*, 482 F.3d 254 (3d Cir. 2007).  (Doc. No. 67.)  In that decision, a panel of the Third Circuit held that the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, does not preclude Weiss' pursuit of a federal RICO claim against First Unum in light of New Jersey's insurance regulatory structure.  *Id.*  Therefore, Weiss' motion to amend will be granted as to the second count of the third amended complaint.

> #### 1.      Counts I, III, and IV of the Third Amended Complaint

The first, third, and fourth counts in Weiss' third amended complaint are futile and shall be disallowed as such.  Weiss' briefs indicate that his attempt to lodge these counts against Defendants flows from a fundamental misconstruction of the Third Circuit's April 3, 2007 decision in this case.  In that decision, the Third Circuit addressed the interaction of New Jersey's insurance regulatory structure and the federal RICO statute under then-existing jurisprudence

4

regarding the McCarran-Ferguson Act.  In that appeal, the Third Circuit was not asked to consider, and did not consider, the Court's January 23, 2003 order that construed Weiss' first amended complaint as stating a cause of action under ERISA and therefore preempting Weiss' alternate state and common law causes of action.  (Doc. No. 20.)  The Third Circuit also had no occasion to consider the parties' April 18, 2006 stipulation of dismissal with prejudice of numerous counts in Weiss' first amended complaint.  (Doc. No. 66.)  Therefore, the Third Circuit's April 3, 2007 decision leaves each of those orders intact.  As such, they remain the law of this case.  Weiss' arguments to the contrary are unavailing and do not merit further discussion. With that in mind, a review of the procedural history in this case clearly indicates that Weiss' proposed first, third, and fourth counts are barred by prior orders of this Court, as follows:

Weiss' first count in the third amended complaint alleges common law fraud.  (3d Am. Compl. at ¶¶ 72-78; Doc. No. 139.)  Specifically, Weiss alleges in relevant part that, "Defendants wrongfully, recklessly, in bad faith, and by means of the deliberate, overt and dishonest dealings and personal abuse, terminated benefits to which plaintiff was entitled under the policy of insurance issued to him against the risk of long-term disability from October, 2001 until October, 2002."  (*Id.* at ¶ 76.)  Thus, Weiss' first count alleges with descriptive modifiers that Defendants wrongfully terminated his benefits under a plan that is undisputedly regulated by ERISA.  In an order dated January 23, 2003, the Court previously construed the fifth count in Weiss' first amended complaint entitled "Wrongful Termination of Insurance Benefits" to state a cause of action under ERISA.  (Doc. No. 20.)  Weiss' present common law fraud count in the third amended complaint is functionally identical to the fifth count of the first amended complaint. The fifth count of the first amended complaint was dismissed with prejudice by stipulation of the

5

parties on April 18, 2006.  (Doc. No. 66.)  Additionally, the parties have repeatedly acknowledged the ERISA issue is now moot in this case.  As such, Weiss' first count in the third amended complaint for common law fraud is futile and shall be disallowed as such.

Weiss' third count in the third amended complaint alleges a violation of the New Jersey RICO statute, N.J.S.A. 2C:41-2.  (3d Am. Compl. at ¶¶ 97-99; Doc. No. 139.)  That identical allegation in the first amended complaint was dismissed with prejudice by stipulation of the parties on April 18, 2006.  (Doc. No. 66.)  As such, Weiss' third count in the third amended complaint that alleges violations of the New Jersey RICO statute is futile and shall be disallowed as such.

Weiss's fourth count in the third amended complaint alleges a violation of New Jersey's CFA.  (3d Am. Compl. at ¶¶ 100-102; Doc. No. 139.)  In an order dated January 23, 2003, the Court dismissed Weiss' prior New Jersey CFA claim with prejudice as preempted by ERISA.  (Doc. No. 20.)  As such, Weiss' fourth count in the third amended complaint that alleges violations of the New Jersey CFA is futile and shall be disallowed as such.

## III.     CONCLUSION

In sum, the Court will grant Weiss' motion to amend/correct as to the second count of the third amended complaint, but will deny that motion as to the first, third, and fourth counts.  In various opposition briefs, Defendants' counsel has indicated the intent to move for dismissal of Weiss' federal RICO count, the only cause of action that remains in this case.  In the interest of prompt and efficient adjudication of this more than seven-year-old case, the Court shall order Defendants to file their motion to dismiss, if any, no later than April 9, 2010.  Briefing on that motion shall proceed pursuant to the local rules, and that motion shall be returnable on May 3,

2010.   An appropriate form of order accompanies this memorandum opinion.

Dated: March 2, 2010


                                        /s/ Garrett E. Brown, Jr.
                                GARRETT E. BROWN, JR., U.S.D.J.

7