UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

March 15, 2010

RECEIVED
MAR 16 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**LETTER ORDER**

Re:   Weiss v. First Unum Life Insurance, et al.,
      Civil Action No. 02-4249 (GEB)

Dear Counsel:

As you are aware, currently pending before the Court are Plaintiff's motion to take the *de bene esse* deposition of himself [Docket Entry No. 148] and his motion to expedite discovery [Docket Entry No. 163]. The Court has reviewed all papers submitted in support of and in opposition to Plaintiff's motions and considers both without oral argument pursuant to FED.R.CIV.P. 78. Each motion is addressed herein in turn.

I.    **Plaintiff's Motion to Take His *De Bene Esse* Deposition**

Plaintiff seeks to have his own *de bene esse* deposition taken, arguing that such a deposition is necessary to preserve his testimony for use at trial because he suffered a myocardial infarction in January 2001 and had a heart transplant approximately 2½ years ago and, as a result, is in declining health. In support of his claim that a *de bene esse* deposition is warranted, Plaintiff relies on the Certification of his medical doctor, Charles J. Marotta, M.D., as well as on statements made by counsel.

Specifically, Dr. Marotta states:

> 2. To a reasonable degree of medical certainty, Weiss, who received a heart transplant in or about September of 2007, remains totally disabled from any full time occupation. The strong anti-rejection and other drugs Weiss must take, coupled with his numerous other ailments, cause his general health to be tenuous and make any significant stress or chance of infection dangerous. The chances of Weiss' condition improving over time is small and the chances of his condition deteriorating over time are great.
>
> 3. To a reasonable degree of medical certainty, I would advise against subjecting Weiss to the stress of a deposition and even more strongly advise against the stress of a courtroom proceeding. The impact of his illness and infirmities on his general health will, to a reasonable degree of medical certainty, increase over time.
>
> 4. Any necessary perpetuation of Weiss' testimony should be accomplished as soon as possible in a setting imposing as little stress as possible; i.e. an office instead of a courtroom.

(Marotta Cert. at ¶¶ 2-4). Further, without citations to any additional support, Plaintiff's counsel adds, "within the past few weeks [Plaintiff] has suffered and had removed numerous skin tumors; reputedly likely caused by decreased immunity resulting from the prescription of anti-rejection drugs necessitated by his transplant." (Hoffman Cert. at ¶ 2). In addition, Plaintiff argues that "[t]he undeniable fact is, and it is certainly common knowledge, that heart transplant recipients have a far less than normal life expectancy. Weiss' survival for two years makes his survival prospects more, rather than less, tenuous." (Pl.'s Reply Br. at 7).

Defendants oppose Plaintiff's motion arguing that a *de bene esse* deposition is not warranted. In this regard, Defendants claim that the conclusory statements concerning Plaintiff's health do not provide an adequate basis for ordering Plaintiff's *de bene esse* deposition at this juncture. Further, Defendants argue that it would be extremely prejudicial for the Court to allow Plaintiff's *de bene esse* deposition at this time because they would need to take significant factual discovery prior to the

deposition in order to adequately prepare for and conduct the cross-examination of Plaintiff. On this point, Defendants note that while this litigation is "unusually old," procedurally it is still in its infancy as the parties have not yet engaged in written discovery, document production or discovery depositions on Plaintiff's underlying factual allegations. (Def.'s Opp'n Br. at 4). Indeed, Defendants note that the only discovery that has occurred has been limited to the administrative record so that the Court could entertain summary judgment motions on whether Defendant First Unum Life Insurance Company's actions were arbitrary and capricious under ERISA.

The purpose of a *de bene esse* deposition is to perpetuate testimony where there is a bona fide concern that, if not taken, the testimony to be obtained at the deposition will be lost due to the unavailability of the witness at trial. The Federal Rules of Civil Procedure do not set forth separate rules governing *de bene esse* depositions. Indeed, the phrase "*de bene esse*" does not even appear in the Federal Rules of Civil Procedure. Instead, the Federal Rules of Civil Procedure draw no distinction between discovery depositions and depositions taken for use at trial (i.e., *de bene esse* depositions). *See* FED.R.CIV.P. 32 (addressing use of depositions in court proceedings). Thus, as with other discovery related matters, the decision of whether to permit a *de bene esse* deposition lies in the sound discretion of the Court. *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir. 1982) (noting that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court.")

At this juncture, the Court shall not permit the *de bene esse* deposition of Plaintiff to go forward. While Plaintiff has put forth some evidence to support his claim that a *de bene esse* deposition is justified, the Court finds the statements made by Plaintiff's doctor and the arguments raised by counsel to be insufficient to warrant Plaintiff's *de bene esse* deposition. In this regard, the Court finds that "[t]he gravity of a final illness and the near certainty of a sudden death" are certainly

3

grounds for authorizing a *de bene esse* deposition. *Bregman v. District of Columbia*, No. Civ. A. 97-789 HHKJMF, 1998 WL 665018 (D.D.C. Sept. 28, 1998). However, the Court similarly finds that the evidence put forth by Plaintiff to support his claim that there is a likelihood that he will not be available to testify is deficient.

For example, the statements made by Dr. Marotta are conclusory in nature and not supported by sufficient facts to justify Plaintiff's *de bene esse* deposition. While Dr. Marotta states that the combination of "strong anti-rejection and other drugs Weiss must take, coupled with his numerous other ailments, causes his general health to be tenuous[,]" Dr. Marotta does not indicate what other health ailments Plaintiff is suffering from nor does he list the other medications Plaintiff is taking. (Marotta Cert. at ¶ 2). Further, Dr. Marotta does not elaborate on what he means by tenuous. In addition, while Dr. Marotta states that the above-described combination of drugs and other ailments makes "any significant stress or chance of infection dangerous[,]" there is no indication from Dr. Marotta regarding whether Plaintiff is or has recently suffered from any such infections or other illnesses, and, if he has, the frequency with which Plaintiff suffers from same. (*Id.*) Similarly, counsel's general statements regarding Plaintiff's life expectancy and reference to the skin tumors Plaintiff has had removed are likewise insufficient.

The Court is certainly sensitive to the fact that Plaintiff suffered a myocardial infarction in January 2001 and had a heart transplant approximately 2½ years ago, and in no way seeks to minimize the significance of same. However, on the record before the Court there is simply not enough evidence to support Plaintiff's claim that his *de bene esse* deposition is warranted because there is a danger that his testimony will be lost. Further, despite Plaintiff's arguments to the contrary, the Court finds that it would be extremely prejudicial to Defendants to permit Plaintiff's *de bene esse* deposition to go forward at this time when the parties have not had the benefit of

essentially any fact discovery on Plaintiff's claims. As such, absent specific evidence of a bona fide danger that Plaintiff's testimony will be lost, the Court shall not authorize Plaintiff's *de bene esse* deposition. For these reasons, Plaintiffs' motion to permit his *de bene esse* deposition is DENIED.

Finally, with respect to Plaintiff's *de bene esse* deposition, the Court finds it necessary to clarify one point. To the extent Plaintiff believes that he is entitled to rely on his November 9, 2009 *de bene esse* deposition, he is mistaken. On October 28, 2009 the Court entered an Order staying discovery in this matter.[1] As previously stated, the Federal Rules of Civil Procedure do not distinguish between *de bene esse* depositions and fact depositions. Instead, the Rules simply refer to "depositions" and set forth procedures for taking and using same. *See, e.g.,* FED.R.CIV.P. 30-32. Depositions are part of discovery. *See* FED.R.CIV.P. 26(b). The Court's October 28, 2009 Order did not differentiate among the discovery to be stayed; instead it stated that "discovery is STAYED pending resolution of the pending motion to amend or until further Order of the Court."

There was obviously some confusion between the parties as to whether Plaintiff's *de bene esse* deposition was permitted to go forward despite the stay of discovery. Indeed, the Court received correspondence from both Plaintiff and Defendants dated November 6, 2009 regarding Plaintiff's efforts to confirm his *de bene esse* deposition for November 9, 2009. Having already issued an order staying discovery, the Court did not believe that it was necessary to issue another order on the same topic. Nevertheless, the Court did want to clarify for counsel that Plaintiff's proposed *de bene esse* deposition was also subject to the discovery stay. Consequently, the Court informed counsel through correspondence from the undersigned's law clerk that discovery in this matter had been stayed and specifically stated that "[t]he Court has not nor will it on the record before it authorize the *de bene*

---

[1] This Order was dated and signed on October 27, 2009, but not entered on the docket for this matter until October 28, 2009.

5

esse deposition of Mr. Weiss. The Court would, however, consider an application to lift the stay of discovery for the sole purpose of conducting Mr. Weiss' *de bene esse* deposition if Mr. Hoffman is able to submit information showing that there is a likelihood that the testimony obtained during Mr. Weiss' *de bene esse* deposition will be needed because, under Fed.R.Civ.P. 32(a)(4)(C), Mr. Weiss will be unable to testify at a later date because of age, illness, infirmity or possible death." (Email from Sharon Elaine Bray, Law Clerk to the Honorable Tonianne J. Bongiovanni, U.S.M.J., to Avrom J. Gold, William A. Cambria, Steven P. DelMauro, Christopher Ryan Bladel and David M. Hoffman (Nov. 6, 2009)). For the convenience of the parties and the District Court, a complete copy of the aforementioned email is attached hereto.

## II. Plaintiff's Motion to Expedite Discovery

Plaintiff also filed a motion seeking to expedite discovery by removing the stay imposed by the October 28, 2009 Order. As previously explained, the October 28, 2009 Order stayed discovery "pending resolution of the pending motion to amend or until further Order of the Court." Since Plaintiff's motion to expedite was filed, the District Court entered a Memorandum Opinion and Order granting in part and denying in part Plaintiff's motion to amend. Pursuant to the terms of the October 28, 2009 Order, given the resolution of Plaintiff's motion to amend, the discovery stay has been lifted. As such, Plaintiff's motion to expedite is now moot.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT PLAINTIFF'S MOTION TO TAKE HIS *DE BENE ESSE* DEPOSITION IS DENIED.**

**IT IS FURTHER ORDERED THAT PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY IS DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED THAT THE DISCOVERY STAY IMPOSED BY THE COURT'S ORDER ENTERED ON OCTOBER 28, 2009 IS LIFTED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE DOCKET ENTRY NOS. 148 & 163 ACCORDINGLY.**

TONIANNE J. BONGIOVANNI
United States Magistrate Judge

| | | |
|---|---|---|
| **Sharon** Bray/NJD/03/USCOURTS 11/06/2009 03:56 PM | To | agold@msgld.com, bcambria@att.net, bkliesh@mdmc-law.com, cbladel@mdmc-law.com, dhoffman@david-hoffman-esq.com, |
| | cc | |
| | bcc | |
| | Subject | Weiss v. First Unum Life Insurance Company Civil Action No. 02-4249 (GEB) |

Dear Counsel:

The Court has received your recent correspondence regarding the *de bene esse* deposition of Mr. Weiss. The Court reminds counsel that discovery in this matter is currently stayed. The Court has not nor will it on the record before it authorize the *de bene esse* deposition of Mr. Weiss. The Court would, however, consider an application to lift the stay of discovery for the sole purpose of conducting Mr. Weiss' *de bene esse* deposition if Mr. Hoffman is able to submit information showing that there is a likelihood that the testimony obtained during Mr. Weiss' *de bene esse* deposition will be needed because, under Fed.R.Civ.P. 32(a)(4)(C), Mr. Weiss will be unable to testify at a later date because of age, illness, infirmity or possible death. Any such application should be made by submitting a letter via facsimile (609-989-0435) to Chambers. The Court notes that conclusory statements regarding the need for the *de bene esse* deposition will not be sufficient.

Thank you,

Sharon Bray

Sharon Elaine Bray
Law Clerk to the Honorable Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608
Telephone: (609) 989-2040